UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DENNIS WAYNE MORRISON,

        Defendant.
_____/

Case No. 1:03-CR-103

HON. RICHARD ALAN ENSLEN

**OPINION**

This matter is before the Court on Defendant Dennis Wayne Morrison's § 2255 Motion to Vacate, Set Aside, or Correct Sentence. Defendant alleges that the plea agreement was violated at the time of sentencing and that he was deprived of affective assistance of counsel.

**I.  Procedural History**

On May 14, 2003, Defendant pled guilty to one count of possession of visual depictions of minors engaging in sexually explicit conduct in violation of 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2), and 2256. On October 21, 2003, Defendant was sentenced by this Court to a term of 60 months incarceration. The Judgement was filed on October 22, 2003. Defendant did not appeal his sentence and his conviction became final on November 4, 2003. Defendant now makes a timely motion for relief under 28 U.S.C. § 2255.[1] Upon review, this Court finds that an evidentiary hearing is not

---

[1] The deadline for filing a 2255 motion was November 4, 2004. Defendant's Motion was signed on October 25, 2004, and was filed on November 5, 2004. The Court finds that the Motion was deposited in the mail in a timely manner and, therefore, his § 2255 Motion was timely filed. *See* Rule 3(d) of Rules Governing § 2255 Proceedings.

necessary because the files and records of the case conclusively show that Defendant is not entitled to relief. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

## II.      Standard of Review

The Sixth Circuit Court of Appeals' decision in *Watson v. United States*, 165 F.3d 486 (6th Cir. 1999) summarized the basic legal standards for relief under section 2255 as follows:

> To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-638, 113 S. Ct. 1710, 1721-1722, 123 L.Ed.2d 353 (1993). To prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 471, 7 L.Ed.2d 417 (1962)).

*Id.* at 488. Furthermore, relief under section 2255 is not intended to do service for an appeal. *United States v. Timmreck*, 441 U.S. 780, 784 (1979); *see also Murr v. United States*, 200 F.3d 895, 900 (6th Cir. 2000) (citing *United States v. Frady*, 456 U.S. 152, 164-67 (1982)).

However, ineffective assistance of counsel does constitute a constitutional error. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984). In order to prevail on a claim of ineffective assistance, a defendant must show two things: first, that his counsel made errors so serious that he "was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and second, "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. The first prong of the test, attorney performance, is judged by "reasonableness under prevailing professional norms." *Id.* at 688. In evaluating this prong, the court must be "highly deferential" to counsel's performance and avoid being guided by the benefits of hindsight. *Id.* at 689 ("Every effort [must] be made to eliminate the distorting effects of

necessary because the files and records of the case conclusively show that Defendant is not entitled to relief. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

**II.      Standard of Review**

The Sixth Circuit Court of Appeals' decision in *Watson v. United States*, 165 F.3d 486 (6th Cir. 1999) summarized the basic legal standards for relief under section 2255 as follows:

> To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-638, 113 S. Ct. 1710, 1721-1722, 123 L.Ed.2d 353 (1993). To prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 471, 7 L.Ed.2d 417 (1962)).

*Id.* at 488. Furthermore, relief under section 2255 is not intended to do service for an appeal. *United States v. Timmreck*, 441 U.S. 780, 784 (1979); *see also Murr v. United States*, 200 F.3d 895, 900 (6th Cir. 2000) (citing *United States v. Frady*, 456 U.S. 152, 164-67 (1982)).

However, ineffective assistance of counsel does constitute a constitutional error. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984). In order to prevail on a claim of ineffective assistance, a defendant must show two things: first, that his counsel made errors so serious that he "was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and second, "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. The first prong of the test, attorney performance, is judged by "reasonableness under prevailing professional norms." *Id.* at 688. In evaluating this prong, the court must be "highly deferential" to counsel's performance and avoid being guided by the benefits of hindsight. *Id.* at 689 ("Every effort [must] be made to eliminate the distorting effects of

hindsight"). In order to meet the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is one that is "sufficient to undermine confidence in the outcome." *Id.*

### III.   Analysis

At the time of sentencing, the Court considered Defendant's relevant conduct of possessing and transmitting child pornography on or about February 13, 2003. In his Motion, Defendant contends that such consideration by the Court violated his plea agreement and that he was further denied effective assistance of counsel because counsel failed to object to the Court's consideration of the February 2003 conduct. (Mot. at 4-5.)

The plea agreement states that Plaintiff "agrees not to *prosecute* the Defendant for the violation of 18 U.S.C. § 2252 arising out of Defendant's possession of child pornography on or about February 13, 2003." (Plea Agreement at ¶ 4(b) (emphasis added).) The plea agreement did not promise that the February 2003 conduct would not be considered at the time of sentencing, only that the Plaintiff would not prosecute Defendant for that conduct. Additionally, even if Plaintiff promised Defendant that the conduct would not be considered at sentencing, the plea agreement clearly states that "Defendant understands that the Court is not a party to [the] agreement." *Id.* at ¶ 5. As the Court determined at the time of sentencing, the February 2003 conduct was properly considered as relevant conduct in the determination of Defendant's sentence pursuant to U.S.S.G. § 1B1.3(a)(2). *See also United States v. Hill*, 79 F.3d 1477, 1482 (6th Cir. 1996). Therefore, Defendant's argument that the Court's consideration of the February 2003 conduct breached the plea agreement will be denied.

Defendant also asserts that he was denied effective assistance of counsel because his counsel, Anastase Markou, failed to object to the Court's consideration of the February 2003 conduct. (Mot. at 4.) Defendant's contention is not supported by either the record or the affidavit of his counsel which indicate that Defendant's counsel did repeatedly object to the consideration of the February 2003 conduct as relevant conduct. (*See* Markou Aff. at ¶ 9; Letter to Presentence Officer from Attorney Markou dated Sept. 26, 2003; Addendum to the Presentence Report.)  Therefore, Defendant fails to meet either prong of *Strickland* and his argument will be denied.

Defendant's final argument is that he was deprived of effective assistance of counsel because Attorney Markou did not pursue an appeal of Defendant's sentence. (Mot. at 4.) Attorney Markou's affidavit states that immediately after the sentencing he specifically advised Defendant that he had an appealable issue and that Defendant indicated he did not want to pursue an appeal. (Markou Aff. at ¶¶ 13 &14.) Additionally, Attorney Markou has submitted a letter that was hand delivered to Defendant on October 24, 2003, two days after sentencing. That letter urged Defendant to pursue an appeal of his sentence, enclosed the necessary documents to appeal his sentence and reminded Defendant that he must appeal the sentence within 10 days from the entry of Judgment. (Letter at 2.) The letter further urged Defendant to contact Attorney Markou immediately if he decided that he would like to appeal his sentence. For those reasons, Defendant fails to meet either prong of the *Strickland* standard and this argument will be denied.

**IV.   Conclusion**

For the above reasons, Defendant's Motion will be denied. Having so determined, pursuant to 28 U.S.C. § 2253, the Court must further determine whether to grant a certificate of appealability as to each of the issues raised. The Court has reviewed the issues individually as required by the decisions in *Slack v. McDaniel*, 529 U.S. 473 (2000) and *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001). Upon review, this Court finds that reasonable jurists would not find Defendant's positions debatable with respect to the substantive grounds for denying relief as to all issues asserted. *See Slack*, 529 U.S. at 482-85; *see also Porterfield v. Bell*, 258 F.3d 484, 486 (6th Cir. 2001). Therefore, a certificate of appealability will be denied.

A Final Order consistent with this Opinion shall issue.

Dated in Kalamazoo, MI:            /s/Richard Alan Enslen  
June 20, 2005            Richard Alan Enslen  
          United States District Judge